**24-cv-00354-HG-LB**

**Gonzalez, J**
**Bloom, MJ**

Hillary Wright
Plaintiff pro se
35 Park Pl, #1
Brooklyn, NY 11217
580-304-6241
hwrightcopyright@gmail.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HILLARY WRIGHT, | ) Case No: |
| Plaintiff pro se, | ) |
| v. | ) **COMPLAINT** |
| BREITBART NEWS NETWORK LLC (dba Breitbart.com) and JOHN and JANE DOES 1-10, | ) |
| Defendants. | ) |
| | ) **DEMAND FOR JURY TRIAL** |

### I. INTRODUCTION

1.     Plaintiff Hillary Wright ("Ms. Wright" or "plaintiff") is a citizen-journalist,

documentarian, media creator, activist and a full-time resident of Brooklyn, New York.

Defendants have wilfully, directly, vicariously and/or contributorily infringed on

plaintiff's copyright for the video that is the subject of this claim (the "Video") without

request or consent from, or compensation to, her in violation of 17 U.S.C. § 101 *et seq.*

and additional common laws. Plaintiff has suffered damages well in excess of $75,000,

and defendant Breitbart and Doe Defendants 6-10 have profited, from their infringement.

---

2.      To challenge this, plaintiff brings this action against defendants to recover

damages, profits, statutory damages, costs and attorney's fees pursuant to 17 U.S.C §§

504(b),(c)(1) & (2), 17 U.S.C § 505 and 17 U.S.C §§ 1203(c)(2), (3) & (4).

3.      Additionally, defendant Breitbart and Doe Defendants' 6-10's infringement was for

commercial advantage and private financial gain and therefore was, and is, a criminal

offense pursuant to 17 U.S.C § 506(a)(1)(A), 17 U.S.C § 1204(a) and 18 U.S. Code §

2319(b)(3).

## II.  JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) by

virtue of federal questions arising from violation of copyright law and under 28 U.S.C

§ 1338(b) by virtue of plaintiff's claim for unfair competition.

5.      This Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) by

virtue of diversity jurisdiction as plaintiff is a resident of New York and defendants are

residents of California and the amount in dispute easily exceeds $75,000 exclusive of

interest and costs and has supplemental jurisdiction over plaintiff's additional claims

under 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over each defendant because each defendant

does a significant amount of business, and has sufficient business contacts, within this

District, including their direct targeting of district residents through online advertising

and marketing.

7.      Venue in this judicial District is proper under 28 U.S.C. § 1391(b)(2) in that a

substantial part of the events giving rise to plaintiff's claims occurred in this District, that

a substantial part of property that is the subject of the action is situated in the District

and in that corporate defendants reside in the District pursuant to §§ 1391(d).

8.     Venue is also proper in this judicial district under 28 U.S.C. § 1400(a) in that

defendants, and their agents, reside[1] or can be found in the District.

### III. PARTIES

9.     All prior statements are hereby incorporated by reference.

10.    Plaintiff Hillary Wright is a citizen-journalist, documentarian, media creator and

activist and a full-time resident of Brooklyn, New York, since 2019. She holds a bachelor's

degree in journalism from the University of Oklahoma and a master's degree from

Columbia University's Teachers College. She has extensive professional experience as a

writer, media creator, media platform operator, speaker, educator and college professor

and has done this work domestically and internationally for over 15 years.

11.    Defendant Breitbart News Network LLC ("Breitbart"), d/b/a Breitbart, Breitbart

News and Breitbart.com, is a domestic limited liability company registered in the state of

Delaware with its headquarters at 149 South Barrington Ave., Ste. 401, Los Angeles, CA.

Upon information and belief, at all times relevant defendant Breitbart published and

operated www.breitbart.com, a far-right-wing political media platform which derives its

primary revenue through selling advertisements which are delivered to its online readers

at www.breitbart.com. Defendant Breitbart has directly, vicariously and contributorily

infringed on plaintiff's copyright amongst other copyright violations.

---

[1] As but two examples, defendant Breitbart News Network LLC's Politics Editor, Emma-Jo Morris, and economy writer John Carney, reside in Brooklyn, NY, according to their LinkedIn profiles (https://www.linkedin.com/in/emmajonyc/ and https://www.linkedin.com/in/john-carney-77a9131/)

---

12.     Breitbart frequently covers political and socio-political stories arising out of the city and state of New York and Kings County - and is read by hundreds of millions of people across the country - including a substantial number of people in this district. Breitbart also targets ads toward residents of this district.

13.     Defendants John and Jane Does 1-5 ("Doe Defendants 1-5") are parties who are not yet identified and were acting in their scope of employment or engagement with Breitbart as employees, agents or contractors. Defendants John and Jane Does 6-10 ("Doe Defendants 6-10") are parties who are not yet identified and were acting in their scope of employment or engagement with Breitbart as executives, operators, supervisors and managers. Doe Defendants 1-5 have infringed plaintiff's copyrights directly and Doe Defendants 6-10 have infringed plaintiff's copyrights vicariously and contributorily and all defendants have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Doe Defendants are presently unknown to plaintiff. Therefore plaintiff sues these defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when these are known to plaintiff through discovery.

14.     On information and belief, at all times relevant, defendants were each aware of their duty and obligation to comply with all copyright laws and were at all times relevant acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances,

including, but not limited to, full knowledge of each violation of plaintiff's rights and the damages to plaintiff proximately caused thereby.

15.     Defendants Breitbart and Doe Defendants 1-10 have violated plaintiff's right to first public publication or to authorize first public publication, right to reproduce or authorize reproduction, to prepare or authorize preparation, to distribute copies of or authorize distribution of copies of, perform or authorize to perform and to display or authorize display of plaintiff's Video, and any derivatives or extensions of it including still images, for which plaintiff is, and was at all times relevant, the author and exclusive copyright owner in violation of 17 U.S. Code §§ 106(1)(2)(4)&(5).

16.     Plaintiff previously contacted defendant Breitbart - via their corporate office, registered agent, holding company and co-founder/president/CEO - on four separate occasions about their infringing activity and to request that defendants remove plaintiff's Video and its derivatives. Defendants have failed to respond, or to remove plaintiff's work, necessitating this action and, thus, proving defendants' willfulness.

## IV.  <u>STATEMENT OF FACTS</u>

### I.  <u>Plaintiff's Work as a Journalist and Activist</u>

17.     All prior statements in this complaint are hereby incorporated by reference.

18.     During, and in the wake of, Black Lives Matter and related protests sparked in May 2020 by the Minneapolis police murder of George Floyd, Plaintiff Wright began to document her first-hand experience as an activist on the frontlines of these protests in the New York City area by frequently creating and publishing photos, videos and written

reports to her Instagram and Twitter accounts with the intent of telling a more up-close, accurate and reflective story than traditional media's coverage of the same.

19.     Ms. Wright used her Instagram and Twitter accounts as informative media platforms for publishing of photo, video and written content, and real-time, frontline reporting, on protests and related stories between 2020 and 2022. Her work was shared and viewed by hundreds-of-thousands of people and her social media accounts became a key source for frontline coverage of these protests that was highly respected and valued by those seeking more genuine, up-close and accurate accounts, as well as by media outlets of all sizes.

20.     In fact, during the course of this work plaintiff "broke" several emerging protest-related stories that, once she documented them, were picked up as prominent local, national and international news stories by some of the most credible media outlets in the world including NBC and ABC's national news.

21.     By purposefully and intentionally maintaining control of the platforms she reported from, and distribution of her photos, videos and other content, Plaintiff ensured that this content could not be separated from the context of her coverage and therefore could not be inaccurately reframed, depoliticized or used without her consent.

22.     Plaintiff took substantial risks to her health, wellbeing and personal and professional life to document these events in the manner that she did. This included physical and verbal assaults by police officers and right-wing counter protestors which led to physical and mental injury, false arrest and severe online and in-person harassment. This included the incident depicted in the Video in which NYPD officer

---

Artem Prusayev pulled his gun on plaintiff and other nearby protestors, for which the city of New York and the NYPD settled a federal lawsuit with plaintiff and several others.[2]

23.     Plaintiff built a strong credibility as a citizen-journalist, documentarian and activist which holds substantial value and was a direct result of her labor and assumed risks. She also spent a significant amount of time, skill and financial resources in performing, and as a result of, this work.

24.     Plaintiff leveraged a direct and extended audience to raise significant amounts of money for harmed and injured protestors, causes and targeted communities solely and directly through her Instagram account and as a direct result of her documentation and coverage through that account and the audience that she built there.

25.     Due to infringement by defendants, plaintiff was required to privatize her social media accounts which substantially hindered her ability to raise these funds afterwards, to continue reporting on protests and related events and to continue to grow her audience. As a result, plaintiff suffered damages.

26.     Plaintiff's frontline content holds significant monetary value both in the present and future due to its historic nature.

## II.   The Events and Video That are the Subject of this Complaint

### A.   The Events

27.     On January 12th, 2021, plaintiff - in the course of her work as a citizen-journalist, documentarian and activist - attended a protest that began at the Barclays Center in

---

[2] See *Velez et al. v. Prusayev et al.,* NYED 2022

---

Brooklyn, New York, in response to the police murder of Andre Hill, a Black man in Columbus, Ohio. This also came in the midst of political turmoil and unrest due to the 2020 presidential election and the January 6th right-wing insurrection at the nation's capitol, which had happened just a week prior.

28.     Shortly after the protest began, protestors approached NYPD officer Prusayev and demanded that he put on a mask due to the Covid-19 pandemic. In response, Prusayev pulled his gun on, and menaced, these same protestors.

**B.  The Video**

29.     Plaintiff was only feet away and was recording on her phone when this happened.

30.     Plaintiff published the video to her Instagram and Twitter accounts - which used the handle @HillaryWright and name "Hillary Wright" - that night. Plaintiff's posts, which included the Video, were quickly shared across social media where they were seen and amplified by hundreds-of-thousands of people.

31.     Plaintiff captured the Video in a particular and specific way that relied on her artistic and editorial skills as well as knowledge of the political landscape, and resulting social movements and protests, which was gained through, among other things, her work as a citizen-journalist, documentarian and activist.

32.     Plaintiff is, and was at all times relevant, the sole author and exclusive copyright owner of the Video, an original, published work, as effectively registered with the United States Copyright Office on September 26th, 2023, which was within one month of plaintiff discovering defendants' infringement.

33.     Plaintiff's Video and Instagram and Twitter accounts contained copyright management information as defined by 17 U.S.C. § 1202(c) and she relied on, and benefited from, technological measures provided by the platforms she posted her work to to protect her work from infringement, including the Video.

34.     Defendants used the Screenshot from plaintiff's Video while knowing that the copyright management information had been removed and altered without plaintiff's consent and while having reasonable grounds to know that the same would induce, enable, facilitate, or conceal an infringement of plaintiff's copyright.

## III. Defendants' Infringement and Other Copyright Violations

### A. Screenshot of Plaintiff's Video as Breitbart Article's Header Image

35.     On January 17th, 2021, defendants Breitbart and Doe Defendants 1-5 published an article (the "Article") to www.breitbart.com[3] that included a copy and derivative of plaintiff's Video in the form of a screenshot (the "Screenshot") image taken directly from the Video by the same defendants. This Screenshot was used as the header image of the Article located just under the headline.



(Screenshot as it appeared at
https://www.breitbart.com/law-and-order/2021/01/17/protest-erupts-over-cop-pulling-gun-i
n-new-york-blm-rally-9-arrested/ in the Article's headline on Jan. 17th, 2021)

---

3

https://www.breitbart.com/law-and-order/2021/01/17/protest-erupts-over-cop-pulling-gun-i
n-new-york-blm-rally-9-arrested/

---

36.     The Screenshot noted in the bottom right corner that the image came from a

"Twitter Video Screenshot" from "Hillary Wright", but Ms. Wright's Twitter handle,

@HillaryWright, which, among other things, identified the copyright owner and was

copyright management information had been removed by defendants Breitbart and Doe

Defendants 1-5.



*by* BOB PRICE    17 Jan 2021    3,454

(Citation of image's source as included by defendants upon publishing of the Article)

37.     The screenshot is identical to a frame in, and was copied by defendants Breitbart

and Doe Defendants 1-5 directly from, plaintiff's Video as posted to her Instagram and

Twitter accounts prior to defendants' publishing of the Video and Screenshot.

**B.  Publication and Display of Plaintiff's Video Within the Breitbart Article**

38.     Later in the Article, plaintiff's entire video was copied, displayed and performed

by Breitbart and Doe Defendants 1-5 in playable and fully viewable form from within the

Article.[4]

---

[4] The image included here does not display plaintiff's Video within the Article as it is from
a screenshot taken from
https://www.breitbart.com/law-and-order/2021/01/17/protest-erupts-over-cop-pulling-gun-i
n-new-york-blm-rally-9-arrested/ after Claimant made her Twitter account private to
prevent further unlicensed, nonconsensual use of the Video, hence the message in this
image, "Not Found". By Claimant making her Twitter account private, her Video no
longer shows up when embedded in online content at
https://www.breitbart.com/law-and-order/2021/01/17/protest-erupts-over-cop-pulling-gun-i
n-new-york-blm-rally-9-arrested/.

---



BREITBART

by BOB PRICE 17 Jan 2021

LISTEN TO STORY 3:28

**New York City police officers arrested nine Black Lives Matter protesters in Brooklyn Saturday night. The protesters came to call for the firing of an NYPD officer who pulled a handgun on BLM protesters earlier in the week.**

A large group of BLM protesters gathered on Saturday night near the Barclays Center to call for the firing of an officer who drew his service weapon during another protest earlier in the week, the *New York Post* reported. The officer reportedly drew his weapon after being confronted by the demonstrators for not wearing a mask during the COVID-19 pandemic.

Not found

> Here's the video of Officer Prusayev – also clearly not wearing a mask in a global pandemic. Will you be firing this officer? pic.twitter.com/yXket7wWoj
>
> — Hillary Wright (@hillarywright) January 14, 2021

(Plaintiff's Video as it was displayed in Article[5])

39. At all times relevant, and still, advertisements by and from companies around the world were displayed within the Article and Breitbart and Doe Defendants 6-10 profited directly and substantially from these advertisements and use of plaintiff's copyrighted work.

(Article with advertisements)

[5] see *id.*

40.     The Article was shared 16,107 times on Facebook and received 3,454 comments in the Story's comment section meaning that, upon information and belief, it was viewed and read by at least hundreds of thousands, if not millions, of people.

41.     It is currently unknown if defendants used or published plaintiff's Screenshot or Video in additional ways or means, including additional publication or through additional mediums, which will become known through further discovery.

42.     Plaintiff has not, at any point, been contacted by Breitbart or their agents, employees or contractors about the use of her Video, Screenshot or derivatives or copies of either nor has plaintiff given her consent to use her Video or copies or derivatives of it or received compensation for its use.

43.     A cursory scan of photos and videos posted to Breitbart.com shows a substantial percentage of the same which have been properly licensed and cited, with proper copyright management information included, demonstrating that infringement of plaintiff's Video was wilful.

44.     By virtue of their place as a multi-million-dollar media publisher staffed by career-media-executives and employees, and their history of being sued for copyright infringement, at all times relevant, defendants were each aware of their duty, or the duty of Breitbart and Doe Defendants 6-10, to adhere to all copyright laws and that their conduct represented infringement or, at least, recklessly disregarded that possibility and therefore defendants infringing acts were wilful.

## IV. Breitbart's Company and History

45.     Breitbart's content has been consistently described as misogynistic, xenophobic

and racist by academics and journalists[6] and it is known to leverage fabricated, false,

sensational, divisive and politically-motivated stories and content to cultivate a

right-wing, conservative audience and to attract advertisers and advertising revenue.

46.     Upon information and belief, Breitbart's yearly revenue is in excess of twenty

million dollars ($20,000,000.00) which is primarily driven by selling advertisements to be

placed within their online content.

47.     Posts originating from the Breitbart News Facebook page are among the most

widely shared political content on Facebook.[7]

48.     Breitbart is also known to use its platform to take aim at those they consider

political enemies, including protestors of racial injustices as plaintiff was. Political

science author and scholar Anthony Dimaggio documented in his book, *The Trojan*

*Horse – "Conservative" Media and the Mainstreaming of Neofascistic Politics";*

> "Concerning black-white relations in the United states, *Breitbart* also has
> an eliminationist-style rhetoric that depicts protests of racial inequality and
> police brutality as a fundamental threat to the nation." (emphasis added)

and in the book *"Weaponizing Social Media: "The Alt-Right," the Election of*

*Donald J. Trump, and the Rise of Ethno-Nationalism in the United States",* scholar

and author Robin Andersen stated;

---

[6] *id.*
[7] Quoting https://en.wikipedia.org/wiki/Breitbart_News

---

"A key to Breitbart's success has long been the fake news modules, misinformation and propagandized narratives that form the content core of the Breitbart News website." (emphasis added)

49.    Between March 2012 and January 2018, long-term ally and proponent and former Chief Strategist for President Donald Trump, Steve Bannon, served as the executive chairman for Breitbart. Upon information and belief, Bannon and other executives, employees, correspondents and writers for Breitbart shared close ties to former President Trump and his associates at all times relevant. In fact, Bannnon was present at Trump's Willard Hotel "War Room" on January 6th, 2021, which served as the hub for the effort to block the counting of electoral votes and the resulting insurrection.[8]

50.    Breitbart is the subject of numerous lawsuits filed in U.S. District courts for copyright infringement and removal of copyright management information. The totality of these cases have either been defaulted on[9], settled prior to trial by or been ruled on in favor of the Plaintiff upon summary judgment.[10]

51.    In 2021 Breitbart was found liable for removal of copyright management information pursuant to 17 U.S.C. 1201 and 1202.[11]

52.    At all times relevant defendants had direct and immediate knowledge that Plaintiff should have been compensated for the reproduction, copying, distributing and other violating acts of her Photo and that the Photo's inclusion would directly generate revenue and reduce costs for Breitbart while financially, and otherwise, harming plaintiff.

---

[8]
https://www.rollingstone.com/politics/politics-features/trump-jan-6-jack-smith-willard-war-room-1234792827/
[9] See *Gutman v Breitbart News Network*
[10] See *FameFlyNet Inc v Breitbart*
[11] See *Stelzer v. Breitbart News Network LLC*

---

53.     At all times relevant defendants Breitbart and Doe Defendants 6-10 significantly

profited from the non-consensual and infringing use - which was commercial in nature -

of plaintiff's Video and its derivatives while, among other things, depriving plaintiff of

income and significantly devaluing her Video both as it happened and in the future.

54.     At all times relevant, Breitbart, and Doe Defendants 6-10, had the right and ability

to supervise and control the infringing activities of Doe Defendants 1-5 but failed to do

so, resulting in infringement on plaintiff's copyright.

55.     At all times relevant, Breitbart and Doe Defendants 6-10 were aware, or should

have been aware, of the continued and long-standing pattern and practice of copyright

infringement at Breitbart.com, including infringement of plaintiff's Video.

56.     At all times relevant, Breitbart and Doe Defendants 6-10 received a direct financial

benefit from Breitbart's policy and pattern of copyright infringement, including

infringement on plaintiff's Video.

57.     At all times relevant, Breitbart and Doe Defendants 6-10 substantially contributed

to this infringement both through professional conduct that encouraged and assisted

policies of infringement and through the provision of resources that facilitated the

infringement of plaintiff's Video.

58.     Plaintiff's product, politically-focused online content, competed with Breitbart's

business.

59.     Defendants took on no risk or cost to cover these subjects in the same manner as

plaintiff, while plaintiff took on substantial and significant risk and cost to do the same

and therefore defendants have substantially, financially gained from plaintiff's labor and skill and at plaintiff's financial, energetic, temporal, mental and physical expense.

### FIRST CAUSE OF ACTION
**Direct Copyright Infringement, 17 U.S.C. 106(1)**
**Against defendants Breitbart and Does 1-5, jointly and severally**

60.    All prior statements in this complaint are hereby incorporated by reference.

61.    Defendants Breitbart and Doe Defendants 1-5 unlawfully and wilfully infringed on plaintiff's copyright when they - for commercial purposes - created a copy of plaintiff's Video in the form of a screenshot and publicly displayed the Screenshot and when they reproduced and publicly displayed the Video, on the Breitbart website, without license or other consent from Plaintiff, or providing Plaintiff with any compensation, or offer of compensation, in exchange for the reproduction of the Video.

62.    These defendants did so with the direct and immediate knowledge that plaintiff should have been compensated for the reproduction of her Video.

63.    Plaintiff is therefore entitled to actual damages suffered from the infringement, and any additional profits gained that are attributable to the infringement or, if plaintiff elects prior to final judgment, and because defendants' infringement was wilful, for statutory damages of up to $150,000 per infringed work as well as reasonable costs and attorneys fees related to bringing this claim.

### SECOND CAUSE OF ACTION
**Direct Copyright Infringement, 17 U.S.C. 106(2)**
**Against defendants Breitbart and Does 1-5, jointly and severally**

64.    All prior statements in this complaint are hereby incorporated by reference.

---

65.     Defendants each directly, unlawfully and wilfully infringed on Plaintiff's copyright when they - for commercial purposes - prepared a derivative work of plaintiff's Video by creating the Screenshot and including it on the Breitbart website, without obtaining any license, or other express consent from Plaintiff, or providing Plaintiff with any compensation, or offer of compensation, in exchange for the creation of the derivative work.

66.     Defendants did so with the direct and immediate knowledge that Plaintiff should have been compensated for the creation of a derivative of her Video.

67.     Plaintiff is therefore entitled to actual damages suffered from the infringement, and any additional profits gained that are attributable to the infringement or, if plaintiff elects prior to final judgment, and because defendants' infringement was wilful, for statutory damages of up to $150,000 per infringed work as well as reasonable costs and attorneys fees related to bringing this claim.

### THIRD CAUSE OF ACTION
### Direct Copyright Infringement, 17 U.S.C. 106(4)
### Against defendants Breitbart and Does 1-5, jointly and severally

68.     All prior statements in this complaint are hereby incorporated by reference.

69.     Defendants each directly, unlawfully and wilfully infringed on plaintiff's copyright when they - for commercial purposes - performed plaintiff's Screenshot and Video publicly on the Breitbart website, without obtaining any license, or other express consent from plaintiff, or providing plaintiff with any compensation, or offer of compensation, in exchange.

70.     Defendants did só with the direct and immediate knowledge that plaintiff should have been compensated for the public performance of her Video and its Screenshot.

71.     Plaintiff is therefore entitled to actual damages suffered from the infringement, and any additional profits gained that are attributable to the infringement or, if plaintiff elects prior to final judgment, and because defendants' infringement was wilful, for statutory damages of up to $150,000 per infringed work as well as reasonable costs and attorneys fees related to bringing this claim.

## FOURTH CAUSE OF ACTION
### Direct Copyright Infringement, 17 U.S.C. 106(5)
### Against defendants Breitbart and Does 1-5, jointly and severally

72.     All prior statements in this complaint are hereby incorporated by reference.

73.     Defendants each directly, unlawfully and wilfully infringed on plaintiff's copyright when they - for commercial purposes - displayed individual images from plaintiff's Video, a motion picture, on the Breitbart website without obtaining any license, or other express consent from plaintiff, or providing plaintiff with any compensation, or offer of compensation, in exchange.

74.     Defendants did so with the direct and immediate knowledge that plaintiff should have been compensated for the public performance of her Video and its Screenshot.

75.     Plaintiff is therefore entitled to actual damages suffered from the infringement, and any additional profits gained that are attributable to the infringement or, if plaintiff elects prior to final judgment, and because defendants' infringement was wilful, for statutory damages of up to $150,000 per infringed work as well as reasonable costs and attorneys fees related to bringing this claim.

---

### FIFTH CAUSE OF ACTION
### Circumvention of Technological Measures, 17 U.S.C. 1201(a)(1)(A)
### Against Breitbart and Does 1-5, jointly and severally

76.    All prior statements in this complaint are hereby incorporated by reference.

77.    Breitbart and Doe Defendants 1-5 unlawfully avoided and bypassed a technological measure that required the application of information, and a process, with the authority of Plaintiff, to gain access to her Video when they bypassed Twitter and Instagram's storage of plaintiff's Video behind electronic login methods to capture the Screenshot, without her consent.

78.    Defendants did so with the direct and immediate knowledge that plaintiff used this technological measure to protect her Video from unlawful and unauthorized use and with the knowledge that they did not have her consent.

79.    Plaintiff is therefore entitled to statutory damages of no less than $200, and no more than $2,500, for this violation as well as reasonable costs and attorneys fees related to bringing this claim.

80.    And, because defendant Breitbart was found by U.S. District Court in 2021 to have violated **17 U.S.C. 1201(a)(1)(A),** plaintiff is entitled to treble damages of no less than $600 and no more than $7,500 for this violation.

### SIXTH CAUSE OF ACTION
### Circumvention of Technological Measures, 17 U.S.C. 1201(a)(1)(A)
### Against Breitbart and Does 1-5, jointly and severally

81.    All prior statements in this complaint are hereby incorporated by reference.

82.    Breitbart and Doe Defendants 1-5 unlawfully avoided and bypassed a technological measure that required the application of information, and a process, with

---

the authority of Plaintiff, to gain access to her Video when they bypassed Twitter's storage of plaintiff's Video behind electronic login methods to display plaintiff's Video, without her consent.

83.   Defendants did so with the direct and immediate knowledge that plaintiff used this technological measure to protect her Video from unlawful and unauthorized use and with the knowledge that they did not have her consent.

84.   Plaintiff is therefore entitled to statutory damages of no less than $200, and no more than $2,500, for this violation as well as reasonable costs and attorneys fees related to bringing this claim.

85.   And, because defendant Breitbart was found by U.S. District Court in 2021 to have violated 17 U.S.C. 1201(a)(1)(A), plaintiff is entitled to treble damages of no less than $600 and no more than $7,500 for this violation.

## SEVENTH CAUSE OF ACTION
### Removal of Copyright Management Information, 17 U.S.C. 1201(b)(1)
### Against Breitbart and Does 1-5, jointly and severally

86.   All prior statements in this complaint are hereby incorporated by reference.

87.   Breitbart and Doe Defendants 1-5 unlawfully and intentionally removed and altered plaintiff's copyright management information from her Twitter account when publicly displaying the Screenshot in the Article.

88.   Plaintiff is therefore entitled to statutory damages of no less than $2,500, and no more than $25,000, for this violation as well as reasonable costs and attorneys fees related to bringing this claim.

---

89.     And, because defendant Breitbart was found by U.S. District Court in 2021 to have violated 17 U.S.C. 1201(b)(1), plaintiff is entitled to treble damages of no less than $7,500 and no more than $75,000 for this violation.

## EIGHTH CAUSE OF ACTION
### Removal of Copyright Management Information, 17 U.S.C. 1201(b)(1)
### Against Breitbart and Does 1-5, jointly and severally

90.     All prior statements in this complaint are hereby incorporated by reference.

91.     Breitbart and Doe Defendants 1-5 unlawfully and intentionally distributed and publicly performed the Screenshot from plaintiff's Video works while knowing or having reasonable grounds to know that the copyright management information was removed or altered without consent of copyright owner and knowing or having reasonable grounds to know, that the same would induce, enable, facilitate, or conceal an infringement of any plaintiff's copyright when they publicly performed and distributed her Screenshot from the Video while knowing that her Twitter handle had been removed or altered.

92.     Plaintiff is therefore entitled to statutory damages of no less than $2,500, and no more than $25,000, for this violation as well as reasonable costs and attorneys fees related to bringing this claim.

93.     And, because defendant Breitbart was found by U.S. District Court in 2021 to have violated 17 U.S.C. 1201(b)(1), plaintiff is entitled to treble damages of no less than $7,500 and no more than $75,000 for this violation.

## NINTH CAUSE OF ACTION
### Vicarious Copyright Infringement
### Against Breitbart and Doe Defendants 6-10, jointly and severally

94.     All prior statements in this complaint are hereby incorporated by reference.

95.     Breitbart, and its executives, operators, supervisors, editors and managers Doe Defendants 6-10, at all times relevant controlled the business of Breitbart.com, including the actions of their employees, agents and contractors, while also having a direct financial interest and reaping a direct financial gain in Breitbart and are therefore vicariously liable for each act of copyright infringement in causes of action one (1) through eight (8).

96.     Therefore, Breitbart and Doe Defendants 6-10 are jointly and severally liable for the damages and awards in this case for copyright infringement and additional copyright violations and Plaintiff is therefore entitled to recover any statutory damages awarded under 17 U.S.C. 101 and 1201 *et seq.* from each.

### TENTH CAUSE OF ACTION
### Contributory Copyright Infringement
### Against Doe Defendants 6-10, jointly and severally

97.     All prior statements in this complaint are hereby incorporated by reference.

98.     Breitbart, and Doe Defendants 6-10 who are its executives, operators, supervisors, editors and managers were at all times directly, or constructively, aware of DMG's pattern and practice of copyright infringement and materially contributed to that infringement in causes of action one (1) through eight (8) and are therefore contributorily liable for each of these acts of copyright infringement and additional violations of Federal copyright law and other civil torts.

99.     Doe Defendants 6-10 encouraged and assisted Breitbart and Doe Defendants 1-5 in this infringement by, among other things, providing them with the resources, support and

direction to enact copyright infringement and creating, enforcing and allowing policy

that expressly required, or was likely to result in, infringement.

100.    Does 6-10 are jointly and severally liable for the damages and awards in this case.

Plaintiff is therefore entitled to recover any statutory damages from each of these

Defendants.

<div align="center">

**ELEVENTH CAUSE OF ACTION**
**Misappropriation**
**Against all defendants, jointly and severally**

</div>

101.    All prior statements in this complaint are hereby incorporated by reference.

102.    Defendants misappropriated Plaintiff's work, which took substantial time, skill,

effort, risk and money to create, and therefore are jointly and severally liable for her

damages caused by this.

103.    Plaintiff is therefore entitled to recover compensatory damages and punitive

damages in an amount to be determined at trial and is also entitled to interest and

reasonable costs and attorneys fees associated with bringing this claim.

<div align="center">

**TWELFTH CAUSE OF ACTION**
**Unjust Enrichment**
**Against Breitbart and Does 6-10, jointly and severally**

</div>

104.    All prior statements in this complaint are hereby incorporated by reference.

105.    Defendant Breitbart was unjustly enriched when plaintiff unknowingly conferred

a benefit in the form of her Video, and her labor, skill and risk, to them without Plaintiff

receiving proper restitution and therefore Defendants are jointly and severally liable for

an equitable remedy.

### THIRTEENTH CAUSE OF ACTION
#### Unfair Competition
#### Against Breitbart

106. All prior statements in this complaint are hereby incorporated by reference.

107. Breitbart engaged in unfair competition when they, without authorization, reproduced Plaintiff's copyrighted work, which was a result of her knowledge and labor and which competed with Breitbart's product.

108. Plaintiff is therefore entitled to recover compensatory damages and punitive damages in an amount to be determined at trial.

### V.   RELIEF SOUGHT

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

1. **ENJOINING** each defendant, or anyone acting on their behalf now or in the future, from infringing plaintiff's copyrighted works, including the subject Video and Screenshot, and **ORDERING** defendant to immediately remove plaintiff's copyrighted Video and any derivatives from Breitbart.com and anywhere else it has been used that is owned or operated by defendants;

2. **FINDING** that all acts of infringement and additional copyright violations of plaintiff's work were wilful and **AWARDING** all profits of each defendant, plus all losses and damages suffered by plaintiff, plus any other monetary advantage gained by defendants through their copyright infringement of plaintiff's work, the exact sum to be proven at the time of trial, or, if elected before final judgment, maximum statutory damages to the extent they are available under 17 U.S.C. § 504, and other applicable law;

3.  **FINDING** that defendants' infringement was criminal pursuant to 17 U.S.C §
    506(a)(1)(A), 17 U.S.C § 1204(a) and 18 U.S. Code § 2319(b)(3);

4.  **AWARDING** maximum statutory damages to plaintiff for defendants' removal of
    her copyright management information and circumvention of technological
    measures used to infringe her copyright to the full extent they are available under
    17 U.S.C. § 1203(c)(3), and other applicable law;

5.  **FINDING** defendants jointly and severally liable for misappropriating plaintiff's
    work and **AWARDING** compensatory damages and punitive damages in an amount
    to be determined at trial;

6.  **FINDING** that defendants Breitbart and Doe Defendants 6-10 were unjustly
    enriched through unlawful use of plaintiff's copyrighted work and **AWARDING**
    compensatory damages and punitive damages in an amount to be determined at
    trial, interest and reasonable costs and attorneys fees associated with bringing
    this claim;

7.  **FINDING** that Breitbart has engaged in unfair competition against plaintiff and
    awarding compensatory damages and punitive damages in an amount to be
    determined at trial, interest and reasonable costs and attorneys fees associated
    with bringing this claim;

8.  **ORDERING** that a constructive trust be entered over any revenues or other
    proceeds realized by Defendants, and each of them, through their infringement of
    Plaintiff's intellectual property rights;

---

9. **AWARDING** plaintiff any other damages, whether actual or statutory, costs and

    attorneys fees available to her under copyright law, or any other law;

10. **AWARDING** plaintiff her costs and attorneys' fees to the extent they are available

    under the Copyright Act, 17 U.S.C. § 101, *et seq.* and 17 U.S.C. § 1201, *et seq.*;

11. **AWARDING** plaintiff pre-judgment interest as allowed by law;

12. **FINDING** Breitbart and Doe Defendants 6-10 each individually liable to plaintiff

    for any monetary damages awarded to her in this claim for which they have been

    found liable;

13. **AWARDING** further legal and equitable relief that may be available to plaintiff as

    the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues triable pursuant to Fed. R. Civ. P. 38 and the 7th

Amendment to the United States Constitution.

Respectfully Submitted,

Dated: January 17th, 2024
       Brooklyn, NY

/s/ Hillary Wright

Hillary Wright
Plaintiff pro se
35 Park Pl, #1
Brooklyn, NY 11217
hwrightcopyright@gmail.com
580-304-6241

**Certification and Closing:**

A. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

B. For Parties Without an Attorney I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: January, 17th, 2024

/s/ Hillary Wright

Signature of Plaintiff _____

Hillary Wright

Printed Name of Plaintiff _____